**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No.: 3:14-cr-00428-JMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Warren Dominique McDaniel, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on *pro se* Defendant Warren Dominique McDaniel's ("Defendant") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (ECF No. 49.) The United States of America ("Government") filed a response in opposition to Defendant's Motion, and contemporaneously moved for summary judgment. (ECF Nos. 60, 61.) Pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has filed his response, and the matter is now ripe for resolution.

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255

motion, the court may dismiss the motion without a hearing where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief." 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

The Government has also sought summary judgment on Defendant's claim in this case. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

After reviewing the parties' respective memoranda and the record of the underlying proceedings, the court determines that an evidentiary hearing is unnecessary. For the reasons set forth herein, the court **DENIES** Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 49), and **GRANTS** the Government's Motion for Summary Judgment (ECF No. 61).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Evidence presented at the guilty plea hearing established that on July 22, 2010, officers with the Columbia Police Department executed a state search warrant at a Columbia residence following the controlled purchase of a small amount of marijuana from a male inside the residence. (ECF Nos. 38 at ¶¶ 7-15, 56 at 5-9, 59 at 18-22.) During a search of the residence, officers recovered a Romarm 7.62x39mm assault rifle with a 30-round high capacity magazine, a Taurus .45 caliber pistol, rounds of .45 caliber ammunition, a digital scale, a box of Ziploc bags, and a marijuana blunt. (*Id.*) Defendant, who lived at the residence at the time, admitted that the guns

and marijuana belonged to him and that he bought the guns off the street because he was a felon. (*Id.*)

Thereafter, on April 12, 2014, officers with the Lexington County Sherriff's Department responded to a shooting at a birthday party in Gaston, South Carolina and found that a 7-year-old female had been shot and killed and a 5-year-old male had been shot in the arm. (*Id.*) The investigation revealed that during the party, Defendant's girlfriend had unlocked the trunk of Defendant's vehicle to allow a child to retrieve a toy. (*Id.*) Unbeknownst to her, while looking for the toy, the child found a loaded FEG 7.62x39mm assault rifle with a 30-round high capacity magazine in the trunk of the vehicle and pulled the trigger, causing the rifle to fire while inside the trunk, striking the other two children who were standing outside the vehicle. (*Id.*) The investigation revealed that the FED firearm belonged to Defendant, who admitted, after waiving his rights, that he had purchased it off the street approximately 4 ½ years earlier, which would have been around the same time that the firearms were confiscated by law enforcement officials in 2010. (*Id.*) Defendant further admitted that he sold marijuana by the pounds and that he kept the gun for protection. (*Id.*)

On June 17, 2014, a federal grand jury returned an Indictment charging Defendant with the following charges: Count 1 – felon in possession of firearms and ammunition on July 22, 2010; and Count 2 – felon in possession of a firearm and ammunition on April 12, 2014. (ECF No. 3.) Both counts were in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (*Id.*)

Defendant was arrested and made his initial appearance in federal court on July 1, 2014. (ECF Nos. 9, 10.) Assistant Federal Public Defender Allen Burnside was appointed to represent Defendant and Defendant was released on bond. (ECF Nos. 13, 15, 17, 19.)

On October 21, 2014, Defendant entered a "straight up" guilty plea[1] to both counts of the Indictment before the court. (ECF Nos. 33, 34, 59.) A Presentence Investigation Report ("PSR") was prepared and a sentencing hearing was held on February 23, 2015, before the court. (ECF No. 40.)

Defendant faced a statutory maximum term of imprisonment of 10 years as to each count. (ECF No. 38 at ¶ 67.) Defendant's guidelines were calculated as follows: Defendant's base offense level was 22 due to the offenses involving semi-automatic firearms capable of acceptance of a large capacity magazine and Defendant's prior state felony conviction for possession with intent to distribute marijuana. (*Id*. at ¶ 41.) Defendant also received a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) for the offenses involving at least 3, but less than 7 firearms. (*Id*. at ¶ 42.) Defendant also received a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for having the firearm in connection with another felony offense, specifically, the sale or distribution of marijuana. (*Id*. at ¶ 43.) That resulted in an adjusted offense level of 28. (*Id*. at ¶ 48.) Defendant received a three-level reduction for acceptance of responsibility. (*Id*. at ¶¶ 50-51.) Thus, Defendant's total offense level was a level 25, his criminal history category was IV due to his 9 criminal history points, and his resulting guideline range was 84 to 105 months imprisonment. (ECF Nos. 38 at ¶¶ 31, 52, 68; 43.)

After considering the advisory guidelines and the factors of 18 U.S.C. § 3553(a), the court sentenced Defendant to a total term of imprisonment of 105 months with 3 years of supervised release. (ECF Nos. 42, 56 at 14-18, 58 at 14-18.) That sentence consisted of 105 months of

---

[1] A defendant enters a "straight up" guilty plea when he/she pleads guilty to the charges as indicted without the benefit of a plea agreement.

imprisonment and 3 years of supervised release on Count 1, and 105 months of imprisonment and 3 years of supervised release as to Count 2, those terms to run concurrently. (*Id*.)

Defendant did not file a direct appeal. (ECF No. 60 at 4.) On October 23, 2015, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel. (ECF No. 49.) On December 18, 2015, the Government filed a response in opposition to Defendant's Motion, and contemporaneously moved for summary judgment. (ECF Nos. 60, 61.) On January 29, 2016, Defendant filed a response in opposition to the Government's Motion for Summary Judgment, asserting that there are genuine disputes of material fact as to whether there was mitigating evidence available, and whether counsel would have discovered such evidence with a thorough investigation. (ECF No. 64.)

## II. ANALYSIS

The Supreme Court set out a two-pronged test for determining whether counsel has provided effective assistance as contemplated by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong, or the "performance prong," requires the defendant to show that counsel's representation fell below "an objective standard of reasonableness" under prevailing professional norms. *Id*. at 687-91. In applying the "professional norms" standards, however, "[j]udicial scrutiny of counsel's performance must be highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. As the *Strickland* Court observed:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . [E]very effort [must] be made to eliminate the distorting effects of hindsight . . . .

*Id*. at 689.

5

The second prong, or the "prejudice prong," requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Failure to meet either prong defeats an ineffective assistance of counsel claim. *Id*. at 700. The court need not address both components of the test if the defendant makes an insufficient showing on one part of the test. *Id*. at 697. The defendant bears the burden of proving *Strickland* "prejudice." *See Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983). Therefore, if the defendant cannot demonstrate the requisite prejudice, the court need not consider the "performance prong." *Strickland*, 466 U.S at 697.

Under U.S.S.G. § 2K2.1(b)(6)(B), "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense" they are subject to a four-level enhancement. As set forth in the application note to the guidelines, the enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1, application note 14(A). For purposes of this guidelines enhancement, "another felony offense" includes "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1, application note 14(C).

Defendant argues that his counsel, Allen Burnside, provided ineffective assistance of counsel by failing to investigate and present mitigating evidence at his sentencing hearing. (ECF No. 49 at 3.) Specifically, Defendant argues that trial counsel failed to investigate whether a firearm was in the residence at the time of the distribution of marijuana that gave rise to the July 22, 2010, state search warrant. (*Id*. at 4.) The court finds Defendant's assertion is without merit and contrary to the record of the case. As set forth in the PSR and on the record during the guilty

plea and sentencing hearings, Defendant was involved in the sale of marijuana and armed himself for protection during the time periods alleged in both Counts 1 and 2. (ECF Nos. 38 at ¶¶ 7-15, 56 at 5-9, 59 at 18-22.)

Defendant asserts that his counsel did not know the details of the undercover purchase of marijuana and the resulting execution of a state search warrant at Defendant's residence in July 2010. (ECF No. 49-1 at 4.) Defendant alleges that his counsel did not obtain or review the state search warrant or affidavit of the state search warrant. (*Id*.) The court does not agree with this allegation. As soon as he was appointed to the case, counsel filed a discovery motion and discovery was provided by the Government. (ECF No. 20.) As outlined in the discovery log, the discovery provided to defense counsel included the Columbia Police Department incident reports from both the undercover purchase of marijuana and the execution of the search warrant, drug analysis, state search warrant, statement of Defendant, and numerous photographs from the execution of the search warrant. (ECF No. 60-4.) Thus, Defendant's assertion that counsel did not obtain or review those items is without merit.

Counsel avers that he met with Defendant on several different occasions before his guilty plea hearing and before his sentencing hearing. (ECF No. 60-1.) Counsel further avers that during those meetings, Defendant never brought any issue alleged in his § 2255 Motion to his attention. (*Id*.) "Counsel has no recollection of Defendant telling him when or where he purchased the weapons. (*Id*.) Certainly, Defendant had the opportunity to bring this issue to counsel's attention during multiple meetings before his guilty plea and again before his sentencing hearing." (*Id*.) Counsel notes, "Defendant offers no explanation why he did not bring his matter to his counsel's attention prior to the sentencing hearing." (*Id*.)

In his current affidavit, Defendant now asserts that he purchased the guns found in his residence from a guy he knew off the streets named "Black Boy," and that he just so happened to purchase them at approximately 1:45pm–2:00pm the day of the search warrant execution and brought them to his residence. (ECF No. 49-2.) Yet, Defendant did not provide that specific information to officers at the scene that day when he was interviewed, or to officers who later interviewed him in 2014 after the Lexington County arrest. In fact, Defendant's statement to those officers in 2014 concerning the assault rifle seized by law enforcement in 2014, was that it had been purchased from an individual named "Black." (ECF No. 38 ¶¶ 9, 12, 13.) Additionally, as outlined in trial counsel's affidavit, Defendant never provided such information to counsel. (ECF No. 60-1.)

During his guilty plea hearing, the court found Defendant competent to proceed as it inquired and determined that he was 28 years old, completed 12th grade, was not under the influence of any medications, alcohol, or drugs, and had not had any mental or psychological issues. (ECF No. 60-2 at 4-5.) The court also inquired of Defendant as whether he was satisfied with counsel's representation and as to whether they had fully discussed the case. (*Id*. at 5-6.) Defendant told the court that he was satisfied with counsel, that they had discussed the evidence, and that there was nothing further that he wanted counsel to do. (*Id*.) The court then made sure that Defendant fully understood his right to proceed to trial. (*Id*. at 6-10.) After the charges and penalties were explained to Defendant, the court inquired if Defendant had discussed sentencing guidelines with trial counsel and Defendant indicated that he had done so. (*Id*.) The court also explained the PSR process and how Defendant would have an opportunity to object to anything he disputed. (*Id*. at 13-15.) Defendant was also asked by the court if he still wished to enter a guilty plea freely and voluntarily after consulting with his attorney about his charge, the evidence that

the government had, and discussing his possible defenses and/or strategies with defense counsel. Defendant responded that he did. (*Id*. at 17.)

Thereafter, at the sentencing hearing, the court inquired of Defendant if he had any objections to the PSR and Defendant advised that he did not. (ECF No. 60-3 at 2.) The court then went over the resulting guidelines calculations with Defendant and he agreed that he understood them and did not object to them. (*Id*. at 2-3.) Such statements by Defendant during his guilty plea and sentencing hearings bear on the truthfulness of Defendant's current claim. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977) (In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel are binding on the defendant absent "clear and convincing evidence to the contrary.").

Defendant has failed to satisfy the "prejudice prong" because the court does not find that the result of the proceeding would have been different. The items found in Defendant's residence during the 2010 search by law enforcement, along with evidence of the prior distribution of marijuana from the residence leading up to that search warrant, and his prior state conviction for possession with intent to distribute marijuana, support the enhancement under U.S.S.G. § 2K2.1(b)(6)(B). (ECF No. 38 at ¶¶ 15, 20-36.) Further, the four-level enhancement applies to Count 2, which took place in 2014, since Defendant admitted to selling pounds of marijuana and having the assault rifle for protection. (*Id*. at ¶ 13.) Since Defendant fails to satisfy the "prejudice prong" under *Strickland*, the court need not proceed with an analysis of the "performance prong." *See United States v. Terry*, 366 F.3d 312, 314 (4th Cir. 2004) (stating if petitioner "conclusively fails to demonstrate sufficient prejudice from certain acts or omissions, we need not decide whether

counsel's performance was, in fact, deficient under *Strickland*").  As such, ineffective assistance of counsel cannot be shown.

### III.    CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 49), and **GRANTS** the Government's Motion for Summary Judgment (ECF No. 61).

### IV.    CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 16, 2017
Columbia, South Carolina